# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTONIO DEMETRIUIS WILSON, | ) |
| | ) |
| Petitioner, | ) |
| | )   1:06CV788 |
| v. | ) |
| | ) |
| THEODIS BECK, Secretary of the Department of Correction, | ) |
| | ) |
| Respondent. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the court on Respondent's motion to dismiss on statute of limitations grounds (docket no. 4). Petitioner was mailed a standard *Roseboro* letter by the clerk, and his response is a motion to compel Respondent's "answer" to the petition. In this posture, the matter is ripe for disposition. For the reasons which follow, the motion should be granted.

## BACKGROUND

Petitioner is a state court prisoner who is serving a sentence of life imprisonment imposed on December 14, 1981, in the Superior Court of Stanley County on his guilty pleas to breaking or entering and armed robbery. The guilty pleas were entered pursuant to a written plea agreement providing that several other charges were dismissed, and the prosecution agreed "not [to] proceed against [Petitioner] on the charge of escape." *See* Supporting Br., Ex. 1. Petitioner was

represented by counsel before the trial court and he did not appeal. He dated a pro se certiorari petition to the North Carolina Supreme Court on July 10, 2006, and filed it with the court on July 11, 2006. The petition was denied by order dated August 17, 2006. Petitioner filed this federal petition on September 15, 2006. Petitioner claims ineffective assistance of counsel, denial of the right to appeal, and cruel and unusual punishment as grounds for relief. As noted, Respondent seeks dismissal on statute of limitations grounds. Because this court agrees, it will be recommended that the motion be granted.

## **ANALYSIS**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding. *See* 28 U.S.C. § 2244(d)(2). Finally, for petitioners whose convictions became final before the effective date of the AEDPA, the one-year period is not triggered by the date the conviction became final, but instead by the effective date of the AEDPA, April 24, 1996. Accordingly, petitioners whose convictions became final before the enactment of the AEDPA had until April 24, 1997, to file their petitions. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000).

Petitioner pleaded guilty pursuant to a plea agreement, and he did not appeal. Petitioner's conviction, therefore, became final on December 14, 1981, when judgment and sentence were entered against him. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (stating that where the petitioner pleaded guilty and then did not appeal, his conviction became final for purposes of the AEDPA one-year limitations period on the date that the trial court entered judgment against him). Because his judgment and sentence were entered before the effective date of the AEDPA in 1996, and because of the rule enunciated in *Hernandez*, Petitioner had until April 24, 1997, to file a federal habeas petition. He did not, however, file this federal habeas petition until September 2006. Accordingly, Petitioner's petition is barred by the one-year limitations period pursuant to 28 U.S.C. § 2244(d)(1).[1]

---

[1] Furthermore, Petitioner's filing of his certiorari petition with the state supreme court on July 11, 2006, did not serve to restart the one-year limitations period. *See Minter v. Beck*, 230 F.3d 663, 665 (4th Cir. 2000).

3

In his motion to compel, Petitioner argues implicitly that because the state supreme court "read, considered and denied" his certiorari petition, this federal court should consider the merits. The court construes this as an argument for equitable tolling. The Fourth Circuit and other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (collecting cases). Equitable tolling may apply when the defendant has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights, *see Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000); such as where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights, *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris*, 209 F.3d 325; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999); *Sandvik*, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. *Akins*, 204 F.3d 1086. Waiting

4

years to raise claims in state court and months to raise them in federal court shows lack of due diligence. *Pace*, 544 U.S. 408.

Petitioner makes no meritorious argument in favor of equitable tolling. In fact, his argument boils down to an assertion that his motion should be heard because it has merit; this is insufficient and no other grounds for equitable tolling appear in the record. Petitioner's petition is untimely and should be dismissed.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Respondent's motion to dismiss on statute of limitations grounds (docket no. 4) be **GRANTED** and that the petition be **DISMISSED WITH PREJUDICE**.

_____
Wallace W. Dixon
United States Magistrate Judge

December 21, 2006